**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| Daniel William McKnight, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No: |
| v. | : | |
| | : | |
| Snark Rocket, Inc., | : | |
| | : | JURY TRIAL DEMANDED |
| Defendant. | : | |
| | : | |
| | : | |

**COMPLAINT**

Plaintiff Daniel William McKnight ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant Snark Rocket, Inc. ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*. and for violation of the Digital Millennium Copyright Act ("*DMCA*"), 17 U.S.C. §1202(b).

2. Plaintiff is a professional photographer whose work has been widely published in editorial, documentary, news, and media publications.

3. Plaintiff regularly photographs newsworthy events, public figures, locations, cultural subjects, and matters of public interest. Through substantial investment of time, skill, creativity, training, equipment, travel, and expense, Plaintiff has developed a valuable portfolio of original photographic works that are routinely licensed for authorized editorial, commercial, promotional, and digital-media uses.

4. Plaintiff created a photograph depicting the final resting place of Ivana Trump, a public figure known as a businesswoman, socialite, and model (the "*Photograph*"), in which Plaintiff owns the rights and licenses for various uses including online and print publications.

5. Defendant operates The Bob Cesca Show as a political commentary, media,

1

publishing, podcasting, and digital-content business that distributes editorial content through digital and social-media platforms.

6.     Upon information and belief, Defendant uses Facebook as a significant component of its audience-development, branding, and marketing strategy. Specifically, Defendant owns, operates, controls, maintains, and/or is responsible for content published through the Facebook account known as "The Bob Cesca Show" (the "*Account*").

7.     Upon information and belief, Defendant uses the Account to publish news commentary, editorial content, political content, cultural commentary, visual media, and related promotional materials designed to attract audience attention and engagement.

8.     Defendant, without permission or authorization from Plaintiff, reproduced and publicly displayed the Photograph through the Account in connection with its commercial activities and engaged in this misconduct knowingly and in violation of the United States copyright laws.

### PARTIES

9.     Plaintiff is a citizen of the State of New York and maintains a principal place of business in New York County, New York.

10.    Defendant is a Pennsylvania corporation with a principal place of business at 302 Shelly Drive, Sinking Springs in Berks County, Pennsylvania.

### JURISDICTION AND VENUE

11.    This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

12.    This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Pennsylvania.

13.    Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

**FACTS COMMON TO ALL CLAIMS**

A.    **Plaintiff's Copyright Ownership**

14.    Plaintiff is a professional photographer whose work has been widely published in editorial, documentary, news, and media publications.

15.    Plaintiff regularly photographs newsworthy events, public figures, locations, cultural subjects, and matters of public interest. Through substantial investment of time, skill, creativity, training, equipment, travel, and expense, Plaintiff has developed a valuable portfolio of original photographic works that are routinely licensed for authorized editorial, commercial, promotional, and digital-media uses.

16.    Plaintiff has devoted substantial time, skill, effort, and expense to developing his photography business and creating a portfolio of original photographic works.

17.    Plaintiff's photographs are valuable intellectual-property assets that are commercially licensed to publishers, media outlets, websites, businesses, marketing agencies, and other third parties for authorized use.

18.    Plaintiff derives income from the licensing and authorized use of copyrighted photographic works and relies upon licensing revenue as an important component of his photography business.

19.    Plaintiff actively protects his copyrighted works against unauthorized reproduction, distribution, and display.

20.    Unauthorized use of Plaintiff's photographs deprives Plaintiff of licensing income, diminishes the value of his copyrighted works, and interferes with the market for authorized licenses.

21.    Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office covering many of his photographs.

22.    Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

23.    On July 28, 2022, Plaintiff first published the Photograph. A copy of the

3

Photograph is attached hereto as Exhibit 1.

24.    Plaintiff published the Photograph by commercially licensing it to the New York Post for the purpose of display and/or public distribution.

25.    In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

26.    On September 26, 2022, the Photograph was registered by the United States Copyright Office under Registration No. VA 2-322-723.

27.    Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B.    <u>Defendant's Infringing Activity</u>**

28.    Defendant is the registered owner of the Account and is responsible for its content.

29.    Defendant is the operator of the Account and is responsible for its content.

30.    The Account forms part of and is used to advance Defendant's commercial enterprise.

31.    Upon information and belief, Defendant operates The Bob Cesca Show as a political commentary, media, publishing, podcasting, and digital-content business that distributes editorial content through digital and social-media platforms.

32.    Upon information and belief, the Account serves as a primary marketing, branding, and audience-engagement platform through which Defendant publishes editorial content, news commentary, cultural commentary, visual media, and related promotional materials.

33.    Upon information and belief, Defendant uses the Account to attract readers, increase audience engagement, enhance brand recognition, promote its editorial and podcasting content, generate advertising and sponsorship opportunities, and increase the commercial value of Defendant's media brand.

34.    Upon information and belief, audience engagement generated through the Account contributes to Defendant's ability to monetize its content through advertising, sponsorships,

4

subscriptions, donations, affiliate relationships, merchandise sales, and related business opportunities.

35.     Upon information and belief, Defendant regularly publishes photographs depicting public figures, current events, newsworthy subjects, locations, culture, politics, and related visual content to attract audience attention and engagement.

36.     Upon information and belief, Defendant derives commercial benefit from operation of the Account through audience growth, brand promotion, reader engagement, advertising opportunities, sponsorship opportunities, public visibility, and related revenue-generating activities.

37.     Upon information and belief, Defendant uses the Account to increase readership, expand its audience, promote its podcasting and editorial content, strengthen brand recognition, drive engagement with Defendant's media properties, and increase the commercial value of Defendant's publishing and broadcasting activities.

38.     On or about August 2, 2022, without permission or authorization from Plaintiff, Defendant volitionally reproduced, and publicly displayed Defendant displayed the Photograph on the Account as part of an on-line post at URL: https://www.facebook.com/photo.php?fbid=500832125184764&set=a.186444813290165&type= 3&from_lookaside=1. (the *"Infringement"*).  A copy of a screengrab depicting the Infringement is attached hereto as Exhibit 2.

39.     Upon information and belief, Defendant selected and displayed the Photograph because of its visual appeal, newsworthy subject matter, cultural significance, and ability to attract audience attention and engagement.

40.     Upon information and belief, the Photograph was incorporated into content curated and published by Defendant to increase audience engagement, enhance the visibility of Defendant's brand, and promote Defendant's editorial and media content.

41.     Upon information and belief, Defendant derived commercial value from using the Photograph to attract visitors to the Account, retain viewer attention, and enhance the effectiveness

of its promotional and editorial content.

42.    The Photograph was intentionally and volitionally reproduced, publicly displayed and stored by Defendant at URL: https://scontent-hou1-1.xx.fbcdn.net/v/t39.30808-6/296053011_500832121851431_904847042763803867_n.jpg?_nc_cat=103&ccb=1-7&_nc_sid=49d041&_nc_ohc=iAFeEFm2P8cAX-Ci_5v&_nc_ht=scontent-hou1-1.xx&oh=00_AfCpTYeFFbkUcdM5MbO2eF2r3vfggpo_O3S6SaZgvZbGmg&oe=65094ADD.

43.    The Infringement is a copy or substantially similar copy of Plaintiff's Photograph, including protectable elements such as composition, subject matter, timing, angle, lighting, perspective, and overall expressive content.

44.    Plaintiff first observed the Infringement and Defendant's violation of the DMCA on September 15, 2023.

45.    Upon information and belief, Defendant reproduced, displayed, distributed, and otherwise exploited the Photograph without license or permission, thereby infringing Plaintiff's copyrights in and to the Photograph (the "*Infringement*").

46.    The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific infringement.

47.    Upon information and belief, Defendant takes an active and pervasive role in the creation, selection, acquisition, licensing, editing, publication, posting, promotion, and display of content appearing on the Account, including Plaintiff's Photograph.

48.    Upon information and belief, the Photograph was intentionally and willfully selected, published, displayed, and distributed by Defendant.

49.    Upon information and belief, Defendant used the Photograph because of its newsworthy subject matter, visual impact, and ability to attract reader attention and engagement concerning a topic of public interest.

50.    Upon information and belief, Defendant benefited from the association between its

6

editorial content and the subject matter depicted in the Photograph.

51.     Upon information and belief, Defendant exercised editorial judgment in selecting, curating, approving, and publishing the content containing Plaintiff's Photograph.

52.     Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was unaware of the infringing activities constituting the Infringement because such a claim would amount to willful blindness.

53.     Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

54.     Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account and exercised and/or had the right and ability to exercise such right.

55.     Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

56.     Upon information and belief, the Infringement increased engagement with the Account and generated additional audience traffic, brand visibility, reader interest, promotional value, and commercial value for Defendant.

57.     Upon information and belief, Defendant distributed the Infringement to a broad audience through the Account and derived commercial value from the resulting audience engagement, promotional exposure, brand visibility, customer interaction, audience growth, and business-development opportunities.

58.     Defendant's use of the Photograph harmed the actual market for the Photograph.

59.     Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

60.     On September 26, 2023, Plaintiff, through counsel, notified Defendant of the infringing activity described herein and demanded that Defendant cease and desist from its unauthorized use of Plaintiff's copyrighted work and compensate Plaintiff for its unauthorized use

7

thereof.

61.     Despite receiving notice of Plaintiff's claims and being afforded an opportunity to resolve the matter without litigation, Defendant failed and/or refused to adequately address Plaintiff's claims.

62.     The commencement of this action was therefore necessary to protect Plaintiff's rights under the Copyright Act.

63.     As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

64.     Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

65.     The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

66.     The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

67.     Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

68.     Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

69.     Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

70.     Upon information and belief, Defendant willfully infringed Plaintiff's copyrighted Photograph in violation of Title 17 of the United States Code by using, publishing, posting, displaying, communicating, publicizing, and otherwise holding out to the public for commercial

8

benefit Plaintiff's original Photograph without Plaintiff's license, consent, or authorization.

71.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

72.     As a result of Defendant's violations of Title 17 of the United States Code, the Court in its discretion may allow recovery of full costs as well as reasonable attorney's fees pursuant to 17 U.S.C. §505.

73.     As a result of Defendant's violations of Title 17 of the United States Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyrights pursuant to 17 U.S.C. §502.

## SECOND COUNT
### (Removal and/or Alteration of Copyright Management Information 17 U.S.C. § 1202(b))

74.     Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

75.     The Photograph as originally published in URL: https://nypost.com/2022/07/28/photos-show-ivana-trumps-grave-at-trump-national-golf-club-in-bedminster-nj/contained a gutter credit attributing Plaintiff as the author of the work.  Such a credit qualifies as copyright management information ("CMI") under section 1202(c) of the DMCA, 17 U.S.C. §1202(c). A copy of a screenshot of the Original Source page is attached hereto as Exhibit 3.

76.     Defendant distributed the Infringement without Plaintiff's CMI, as there was no credit provided to Plaintiff upon Defendant's display of the Photograph.

77.     Upon information and belief, Defendant's distribution of the Photograph was undertaken with actual knowledge that Plaintiff's copyright management information had been

9

removed and/or altered without Plaintiff's permission.

78.     Upon information and belief, Defendant had reasonable grounds to know that its distribution of the infringing article containing the Photograph would induce, enable, facilitate or conceal its infringement.

79.     Upon information and belief, in addition to removing the Plaintiff's CMI, Defendant also removed the metadata from the Photograph.

80.     Defendant's conduct violates 17 U.S.C. § 1202(b).

81.     Plaintiff has sustained substantial injury and monetary damages as a result of Defendant's wrongful acts as herein alleged, and as a result of being involuntarily associated with Defendant, in an amount to be proven at trial.

82.     As a result of Defendant's violations of the DMCA, Plaintiff is entitled to recover actual damages, Defendant's profits attributable to the violation, or statutory damages pursuant to 17 U.S.C. §1203(c) in an amount to be determined at trial.

83.     As a result of Defendant's violations of the DMCA, the Court in its discretion may allow recovery of full costs as well as reasonable attorney's fees pursuant to 17 U.S.C. §1203(b)(4) and (5).

**JURY DEMAND**

84.     Plaintiff hereby demands a trial of this action by jury.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and has violated the DMCA under 17 U.S.C. §1202(b) and therefore award damages and monetary relief as follows:

a.      finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by reproducing, distributing, and publicly displaying it without a license or authorization;

b.      for an award of actual damages and disgorgement of Defendant's profits

10

attributable to the Infringement as provided by 17 U.S.C. §504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award of statutory damages pursuant to 17 U.S.C. §504(c), whichever is larger;

c.     finding that Defendant violated section 1202(b) of the DMCA; 17 U.S.C. § 1202(b);

d.     for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

e.     for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505 and/or 17 U.S.C. §1203(b)(4) and (5);

f.     for pre-judgment interest as permitted by law; and

g.     for any other relief the Court deems just and proper.

DATED: August 11, 2026

**SANDERS LAW GROUP**

By:    */s/ Renee Aragona*
Renee Aragona, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: raragona@sanderslaw.group
File No.: 128795

*Attorneys for Plaintiff*